UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VKTR LLC,<br>d/b/a VKTR Industries LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>LEITNER-WISE AG LIMITED, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:25 CV 1846 CDP<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM AND ORDER</u>

Defendants Paul Leitner-Wise and Suzanne Leitner-Wise, husband and wife, move to compel mediation and arbitration pursuant to the arbitration clause contained in the Patent License Agreement that is at issue in this case.  Plaintiff VKTR, LLC, opposes the motion, arguing that defendants cannot compel arbitration because 1) they are not signatories to the Agreement; 2) they waived arbitration by advancing this litigation; and 3) the Agreement itself is invalid because it was fraudulently obtained, thereby rendering its arbitration clause invalid.  For the reasons that follow, I will grant defendants' motion to compel mediation and arbitration.

## Background

Plaintiff VKTR is a Missouri-based manufacturer and seller of firearms and firearm parts.  David Rybacki is the sole member of VKTR.  On June 1, 2024,

VKTR entered into a Patent License Agreement with Leitner-Wise AG Limited ("AG"), wherein AG represented that it was the owner of each patent listed in the Agreement, and VKTR agreed to pay licensing fees and royalties to AG for use of those patents.  (ECF 1-19, Pat. Lic. Agrmt.)

Defendant Suzanne Leitner-Wise executed the Agreement on behalf of AG as its Managing Director.  However, according to VKTR, Suzanne does not exercise directorial control over the company.  Instead, defendant Paul Leitner-Wise exercises operational control and receives AG's assets, despite his not holding any publicly listed position or having any ownership interest in AG.  VKTR characterizes Paul and Suzanne as AG's agents in negotiating and executing the Agreement.  Suzanne is one of AG's three directors, and she holds one-third of AG's shares.  The remaining shares and other two director positions are held by Paul and Suzanne's children, Janos and Angelo Leitner-Wise.[1]

Over the course of negotiating the Agreement, Paul represented to Rybacki that AG owned all the intellectual property that was the subject of the Agreement – including the '622 Patent that involved gas operating systems, subsystems, components, and processes.  VKTR avers that the '622 Patent was the core piece of technology it needed to manufacture the types of rifles it was trying to create.

---

[1] VKTR named AG, Janos, and Angelo as defendants in this case, but I dismissed them without prejudice for VKTR's failure to effect service of process on them.

VKTR later came to learn, however, that AG had never owned the '622 Patent because its purported ownership was based on a series of sham assignments created by Paul as part of an elaborate money-making scheme.  VKTR claims that Paul and Suzanne's knowingly false statements that AG was the rightful owner of the '622 Patent induced VKTR to enter into the Agreement with AG, whereupon VKTR paid AG for use of technology that AG did not own.[2]

VKTR brought a three-count complaint against Paul and Suzanne, AG, and Janos and Angelo.  I dismissed VKTR's claims against AG, Janos, and Angelo under Federal Rule of Civil Procedure 4 because VKTR failed to effect service of process upon them and failed to show good cause for that failure.  VKTR's claims against Paul and Suzanne remain in the case and are brought in two counts:  Count I – fraudulent inducement; and Count II – conspiracy to engage in the fraudulent scheme.  VKTR also seeks to pierce AG's corporate veil, arguing that the individual defendants have failed to observe corporate formalities in order to perpetrate fraudulent schemes, including inducing VKTR into executing the License Agreement.  As relief, VKTR seeks damages and an order declaring it to be the rightful owner of the '622 Patent.

Paul and Suzanne move to compel mediation and arbitration on VKTR's

---

[2] VKTR avers that it is now the rightful owner of the '622 Patent as it has obtained all legal rights in the patent.  According to VKTR, Paul's sham-assignment scheme is depriving it of its sole ownership of the patent.

claims pursuant to the arbitration clause of the Agreement.  That arbitration clause

states, in relevant part:

> 15.a.  If a dispute arises from or relates to this contract or the breach thereof, and if the dispute cannot be settled through direct discussions, the parties agree to endeavor first to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration. The parties further agree that any unresolved controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration administrated by the American Arbitration Association in accordance its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. . . . The law of the Seat shall be the Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.*).

(ECF 1-19, Pat. Lic. Agrmt. at § 15.)  I will grant the motion.

### Discussion

Arbitration agreements are subject to the Federal Arbitration Act, 9 U.S.C.

§§ 1, *et seq.*, which "reflects 'a liberal federal policy favoring arbitration.'"  *Torres*

*v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (quoting *AT&T Mobility, LLC*

*v. Concepcion*, 563 U.S. 333, 339 (2011)).  The statute "places arbitration

agreements on an equal footing with other contracts and requires courts to enforce

them according to their terms."  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63,

67 (2010) (internal citations omitted).  Arbitration agreements may therefore be

"invalidated by generally applicable contract defenses, such as fraud, duress, or

unconscionability."  *Concepcion*, 563 U.S. at 339.

When ruling on a motion to compel arbitration, my consideration is limited

to "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, *i.e.*, whether the dispute falls within the scope of the arbitration agreement." *Torres*, 781 F.3d at 968.  *See also Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783-84 (8th Cir. 2016); *Klutho v. JK Powerhouse LLC*, 542 F. Supp. 3d 893, 896 (E.D. Mo. 2021).  Those questions may be delegated to the arbitrator to decide, however, if the parties clearly and unmistakenly intend for that delegation.  *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877 (8th Cir. 2009).  The act of incorporating into an arbitration provision the American Arbitration Association's (AAA's) Commercial Rules of Arbitration provides "clear evidence" of the parties' intent to incorporate the delegation provision contained those Rules.  *Id.* at 878; *Klutho*, 542 F. Supp. at 897.

Here, the License Agreement's arbitration clause unequivocally incorporates AAA's Arbitration Rules and Mediation Procedures, which necessarily includes AAA Rule 7.  Under Rule 7,

> (a)     The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.

> (b)     The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part.  Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract.  A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

AAA Com. Arb. Rules & Mediation Procs. (amended and effective Sept. 1, 2022), *available at* https://adr.org/media/qielmf0g/2025_commercialrules_web.pdf. Accordingly, VKTR's argument that I may not compel arbitration because the License Agreement and the arbitration clause therein are invalid is foreclosed by AAA Rule 7(a) and (b), which provide for the arbitrator to rule "any objections with respect to the . . . validity of the arbitration agreement" and "to determine the . . . validity of a contract of which an arbitration clause forms a part."[3]  Moreover, because Rule 7(a) gives the arbitrator the power to rule on the arbitrability of any claim, whether the disputes raised in this action relate to the License Agreement and are thus arbitrable is a question likewise within the jurisdiction of the arbitrator.

VKTR argues that regardless of whether this dispute is within the scope of the arbitration clause, neither Paul nor Suzanne can invoke the clause because they are not signatories to the Agreement.  That argument is foreclosed, however, by VKTR's assertions in its Complaint that Paul and Suzanne are agents of AG and that they can be liable for AG's conduct by piercing AG's corporate veil.  *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009).  With that close relationship to and with AG, Paul and Suzanne may be able to invoke the

---

[3] In its opposition to defendants' motion to compel arbitration, VKTR represents that it seeks to rescind the License Agreement.  VKTR's Complaint does not seek any such relief.

arbitration clause despite their non-signatory status.  *See Klutho*, 542 F. Supp. 3d at 897.  Regardless, whether Paul and Suzanne can invoke or are bound by the arbitration clause appears to itself be a question within the arbitrator's jurisdiction. *See Arthur Andersen*, 556 U.S. at 631.

Finally, I disagree that Paul and Suzanne waived their right to invoke arbitration.  Their seeking a two-week extension to respond to the Complaint and then filing a motion to dismiss challenging this Court's diversity jurisdiction before filing the instant motion to compel arbitration cannot be said to have "so substantially invoked the litigation machinery" that they knowingly relinquished their right to arbitrate.  *Breadeaux's Pisa, LLC v. Beckman Bros.*, 83 F.4th 1113, 1117 (8th Cir. 2023); 9 U.S.C. § 3.  I would not have been able to address any arbitration issue if this Court lacked subject-matter jurisdiction over the case.  And at the time Paul and Suzanne filed their motion to compel arbitration, three named defendants had not yet been served and no substantive action to advance the case had yet occurred in the litigation, *e.g.*, no case management order had been entered and discovery had not begun.

Accordingly, for all of the foregoing reasons, I reject VKTR's arguments that Paul and Suzanne cannot seek mediation/arbitration in this action, and I will order the remaining claims in this case referred to mediation/arbitration in accordance with the arbitration clause in the Patent License Agreement, with such

referral to include questions of arbitrability, validity, and non-signatory standing. As no other matter remains before the Court for determination, I will direct the Clerk of Court to administratively close this case, subject to the right of the parties to move to reopen it, if appropriate, upon completion of arbitration.

Therefore,

**IT IS HEREBY ORDERED** that defendants Paul and Suzanne Leitner-Wise's Motion to Compel Mediation and Arbitration [21] is **GRANTED**, and the parties are directed to mediation under the arbitration clause of the Patent License Agreement and, if not successful, to arbitration under that clause.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case, subject to the right of the parties to move to reopen it, if appropriate, upon completion of arbitration.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2026.

- 8 -